PLAINFIELD-UNION WATER COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS OF NEW JERSEY, RESPONDENT.

Argued May 30, 1927—Decided March 3, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Frank Bergen* and *Robert H. Mc-Carter*.

For the respondent Board of Public Utility Commissioners of New Jersey, *Thomas Brown*.

For the intervening respondent the inhabitants of the city of Plainfield, *William Newcorn*.

PER CURIAM.

This case is before us upon a writ of *certiorari* allowed to review an order of the board of public utility commissioners dated August 26th, 1926. In the order the board dismissed a petition of the prosecutor, Plainfield-Union Water Company, by which the petitioner sought to amortize deficits in earnings for the years 1924 and 1925 and rate case expenses by an increase in rates over a two-year period commencing October 1st, 1926. The amount sought to be recouped by the prosecutor was $205,961.63. The board allowed the utility in the order to recoup $91,189. Of this sum $35,691 was for the expenses of the rate case and the balance was for the deficits below a reasonable return during the years 1924 and 1925.

The record, which is voluminous and includes depositions taken under the writ, presents from the standpoint of the prosecutor a tale of the woes of a water utility, brought about by inadequate rates, an unfair valuation of the property devoted to public use, a lessened supply of water due to drought, *quo warranto* proceedings, inability to attract capital because of the attack on its charter in the *quo warranto* action, and insufficient income from invested capital. Many of the matters mentioned in the briefs filed in behalf of the prosecutor enlist to a degree our sympathy, but the findings of fact made by the board are based upon conflicting evidence. We

cannot, therefore, reverse these findings, there being evidence to support them.

The first ground of attack is leveled at the refusal of the board to recoup a ten per cent. deduction upon bills which the board ordered to be made for inadequate service. This deduction was ordered in May, 1924. It was continued until the board by an order made June 10th, 1926, directed the prosecutor to cease making the deduction because the service of the prosecutor had in the meantime become adequate. The prosecutor for two years had acquiesced in this order. The order for the making the deduction was either good or bad at the time it was made. The remedy of the prosecutor, if it felt aggrieved, was to review it at the time it was made. The prosecutor could not acquiesce in the decision of the board and comply with the order and two years later attack it. The public utility statute prescribes that a writ of *certiorari* shall be applied for within thirty days after the making of the order. A party aggrieved cannot permit this period to expire and later seek a review of the subject matter of the order by presenting a petition for the allowance, in future bills of the amount deducted for inadequate service under the former order and if not granted review the question by *certiorari* of the order based on the petition for review. We think the refusal of the board to allow the amounts deducted from customers' bills for inadequate service to be recouped in the manner sought by the prosecutor proper.

The prosecutor next contends that the order of May 22d, 1924, requiring the ten per cent. deduction from bills for inadequate service was made without notice to prosecutor and is void. This claim, in the first place, is not borne out by the record, and in the second place, should have been made in a review of the order of May 22d, 1924, and not in a review of the order brought up in this proceeding. This also applies to the sixth reason which is that the prosecutor was not rendering inadequate service at the time the order was made or subsequent thereto.

The prosecutor also claims that it should be allowed in its capital investment fifteen per cent. of the amount added

thereto during the years 1924 and 1925 for overhead expenditures. Where a valuation of the property of a utility is being made *ab initio* and without data as to the actual expenditure made at the time of plant installation such an allowance is justified, but in the present case there was evidence that the overhead expenditures incurred in plant additions were charged in the expense account and paid out of the expense account. Under such evidence we think the board correct in its refusal to again allow them arbitrarily and on a theoretical basis as a capital investment. The same reasoning applies to the claim of ten per cent. for going value. The plant was in operation at the time the capital expenditures for 1924 and 1925 were being made. We cannot say the board was wrong in arriving at the conclusion that this item should not be allowed.

A claim for interest on the amortization of the difference in rates was asked by the prosecutor and disallowed by the board. We think this disallowance is supported by the case of *Indiana Bell Telephone Co.* v. *Public Service Commission of Indiana et al.,* 300 *Fed. Rep.* 190.

The record contains a mass of figures with relation to the amount which the prosecutor is entitled to recoup. The board reviewed and considered these figures. There were discrepancies between the amounts the witnesses of the prosecutor testified to and the amounts reported by the prosecutor to the board in its reports. Our review of this testimony has brought up to the conclusion that we cannot say the result arrived at by the board is unsupported by the evidence. The order of the board will, therefore, not be disturbed.

In this case a motion to strike out the testimony taken under the rule allowed in these proceedings was made. This question has been considered and disposed of in the case of *Middlesex Water Co.* v. *Board of Public Utility Commissioners of New Jersey,* 6 *N. J. Mis. R.* 51, which was argued before us on the same day as the case under consideration. The motion to strike out the testimony taken under the rule is denied for the reasons expressed in the opinion in the case referred to.

The order under review is affirmed, with costs.